UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20352-BLOOM

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**JOHNNY MATTHEW BATTLE, JR.**,

    Defendant.

_____/

### ORDER ON APPEAL FROM THE MAGISTRATE COURT'S ORDER DENYING THE GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION

**THIS CAUSE** is before the Court upon Plaintiff United States of America's ("Plaintiff" or "Government") Appeal from the Magistrate Court's Order Denying the Government's Motion for Pre-trial Detention, ECF No. [15] ("Appeal"). Defendant Johnny Matthew Battle, Jr. ("Defendant") filed a Response in Opposition, ECF No. [17] ("Response"). The Court has carefully reviewed the Appeal, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Court affirms Magistrate Judge Goodman's Order denying the Government's Motion for Pre-Trial Detention.

**I.   BACKGROUND**

On August 4, 2022, a federal grand jury indicted Defendant, ECF No. [3] ("Indictment"). The Indictment charges two counts against Defendant: (1) Illegal Possession of a Machine Gun, in violation of 18 U.S.C. § 922(o)(1); and (2) Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d). ECF No. [3] at 1-2. On August 17, 2022, Magistrate Judge Goodman held a detention hearing and denied the Government's request that Defendant be detained after finding that the Government failed to prove that no condition, or combination of conditions of release,

would reasonably assure the safety of the community. ECF No. [19] at 48; *see also* ECF No. [10] ("Order").

Magistrate Judge Goodman imposed a two-part monetary bond along with several non-monetary conditions. Defendant was required to post both a $75,000.00 ten percent bond and a $200,000.00 personal surety bond. *See* ECF No. [10]. Both bonds require the co-signatures of Defendant's mother, stepfather, sister, and cousin. *See* ECF No. [19] at 48-49. Moreover, Defendant was required to (a) surrender all travel documents, if any, to Pretrial Services; (b) report to Pretrial Services as directed; (c) submit to substance abuse testing and/or treatment; (d) surrender possession of any firearm; (e) not work in any business which involves the possession of a firearm or ammunition, nor provide guns to others; (e) consent to periodic, unannounced examinations of his property, car, residence, computer, phones, electronic communications, and data storage devices; (f) participate in a location monitoring program and abide by a daily 10:00 p.m. to 6:00 a.m. curfew; and (g) surrender to Pretrial Services any weapons licenses and permits which he holds. *See id.* at 48-54.

Magistrate Judge Goodman stayed Defendant's release pending this Court's ruling in light of the Government's intention to appeal. ECF No. [19] at 55. On August 23, 2022, the Government appealed Magistrate Judge Goodman's order. ECF No. [15]. Defendant thereafter filed his Response. ECF No. [17].

**II.   LEGAL STANDARD**

The Eleventh Circuit has determined that in reviewing an appeal of a magistrate judge's detention order, the district court must undertake a *de novo* review of the factual posture of the case. *United States v. King*, 849 F.2d 485, 489 (11th Cir. 1988) (citing *United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985)). In *King*, the Eleventh Circuit explained that the district court has

two options when reviewing the magistrate's judge's pretrial detention order. *Id.* at 490. First, "on a careful review of the pleadings and the evidence developed at the magistrate's detention hearing, the district court may determine that the magistrate's factual findings are supported and that the magistrate's legal conclusions are correct." *Id.* The court may then explicitly adopt the magistrate's pretrial detention order, which would obviate the need for the district court to prepare its own written findings of fact and statement of reasons supporting pretrial detention. *See id.* Alternatively, after reviewing the detainee's motion, if the district court "determines that additional evidence is necessary or that factual issues remain unresolved, the court may conduct an evidentiary hearing for these purposes." *Id.* In this instance, the district court must enter written factual findings and written reasons supporting its decision. *See id.* If the district court concludes that the additional evidence does not affect the validity of the magistrate's findings and conclusions, "the court may state the reasons therefor and then explicitly adopt the magistrate's pretrial detention order." *Id.* at 490-91.

According to 18 U.S.C. § 3142(g), in determining whether there are conditions of release that will reasonably assure the appearance of a person as required and the safety of any other person and the community, the court must consider the following factors: "(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (2) the weight of the evidence against the person; (3) the history and characteristics of the person . . . ; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release." The history and characteristics of the person include, "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community,

community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3). The Eleventh Circuit has determined that the Government must prove risk of flight by a preponderance of the evidence and danger to the community by clear and convincing evidence. *See United States v. Quartermaine*, 913 F.2d 910, 915 (11th Cir. 1990).

**III.   DISCUSSION**

The Government seeks pretrial detention because it contends Defendant is a danger to the community, ECF Nos. [19] at 6-7, [15] at 1. As such, the Government must prove by clear and convincing evidence that there is no condition, or combination of conditions of release, that would reasonably assure the safety of the community. *See Quartermaine*, 913 F.2d at 915.

**A.   Nature and Circumstances of the Offenses Charged - 18 U.S.C. § 3142(g)(1)**

First, the Court considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Defendant is charged by Indictment with Illegal Possession of a Machinegun, in violation of 18 U.S.C. §922 (o)(1) (Count 1) and Possession of an Unregistered Firearm, in violation of 26 U.S.C. §5681(d) (Count 2). The Government argues Defendant was given two separate warnings, but he continued his criminal conduct of illegally purchasing firearms from a gun store and reselling them. *See* ECF No. [15] at 6-7. The firearms were subsequently used in other crimes throughout the country. *See id.* at 7.

Defendant responds that he never bought a firearm on behalf of someone who was

prohibited from purchasing a firearm. *See* ECF No. [17] at 3-4. Defendant also argues that there is no evidence that Defendant knew whether his customers were purchasing firearms from him for a nefarious purpose.

As a preliminary matter, it is apparent that the offenses charged involve a firearm. *See* ECF No. [3] at 1-2. However, as Defendant correctly argues, this is "not the typical gun case." ECF No. [17] at 6. Defendant has not been charged with a violent crime. There is no evidence that Defendant bought or sold a firearm with the intent to commit a violent crime.

As such, after a review of the pleadings and the evidence developed at Magistrate Judge Goodman's detention hearing, the Court determines that the nature and circumstances of the offenses charged weigh against pretrial detention.

### B.  Weight of the Evidence - 18 U.S.C. § 3142(g)(2)

Second, the Court considers the weight of the evidence against Defendant. *See* 18 U.S.C. § 3142(g)(2). The Government argues that the evidence against Defendant is overwhelming. *See* ECF No. [15] at 8. The purported sales of firearms and incriminating phone calls have been recorded, and Defendant admitted his involvement in at least one illegal sale of a machine gun. *See id.*

Defendant responds that the Government offers no evidence that Defendant illegally purchased firearms from the gun store employee. *See* ECF No. [17] at 5. Defendant contends that it is possible that Defendant had a prior arrangement with the gun store employee that allowed Defendant to complete the paperwork beforehand and purchase firearms without completing additional paperwork at the point of sale. *See id*.

While the Government argues that the illegal resale of firearms and incriminating phone calls have been recorded, the Government fails to proffer significant evidence that Defendant

illegally purchased the firearms from the gun store owner. The Court notes that the charges against Defendant are for the illegal possession of firearms, presumably through an illegal purchase of the firearms, not the illegal resale of the firearms. *See* ECF No. [3] at 1-2. Accordingly, the weight of the evidence the Government proffers does not favor pretrial detention.

### C.  History and Characteristics - 18 U.S.C. § 3142(g)(3)

Third, the Court considers the history and characteristics of Defendant. *See* 18 U.S.C. § 3142(g)(3). As noted above, when evaluating the history and characteristics of Defendant, the Court must take into account "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." *Id.*

The Government argues that the history and characteristics of Defendant weigh in favor of detention. *See* ECF No. [15] at 8. Defendant drives around with a large number of firearms and keeps a loaded pistol in his daughter's bedroom. *See id*. The Government further maintains that Defendant has a history of ignoring the Government's warnings and not caring about who his firearms end up hurting. *See id.*

During the hearing before Magistrate Judge Goodman, Defendant pointed out that he has strong ties in the community, and Defendant's family, including his five-year old daughter, lives in Miami. *See* ECF No. [19] at 27-33. Further, on the day of his arrest, Defendant voluntarily returned to his residence after being told that law enforcement officers were looking for him at his residence. *See* ECF No. [17] at 5-6. He also did not resist arrest. *See id.* at 6.

While Defendant has a purported history of ignoring warnings about the sale of firearms, Defendant has no criminal history. *See* ECF No. [15] at 8. According to the Pretrial Services Report, Defendant has a history of drug use, but Defendant has not been charged or convicted of any illegal drug use. Further, it is apparent that Defendant has strong ties to the community. Defendant was born and raised in Miami. Defendant shares custody of his five-year-old daughter who occasionally resides with him in Miami. His other child also resides in Miami. Other members of Defendant's family live in Miami, including his mother, his half-brother, and one of his sisters. Defendant's current and past employment is also based in South Florida. Therefore, on balance, Defendant's history and characteristics weigh against pretrial detention.

### D. Nature and Seriousness of the Danger - 18 U.S.C. § 3142(g)(4)

Fourth, the Court considers the nature and seriousness of the danger to any person or the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g)(4). The Government argues that the conditions set by Magistrate Judge Goodman will not prevent Defendant from providing criminals with firearms, which pose a serious danger to the community. *See* ECF No. [15] at 8-9. The Government contends that Defendant still has a network of people who will supply him with firearms, and the curfew does not stop him from continuing his illegal conduct. *See id.*

Defendant does not directly address the nature and seriousness of the danger, but argues that the conditions of his release, particularly the electronic monitoring, the curfew, and the substantial undertakings to which Defendant's family has agreed, provide a significant incentive for Defendant to stop any illegal activity. *See* ECF No. [17] at 2-3.

Certainly, providing criminals with firearms pose a serious danger to the community. However, the conditions placed on Defendant's bond are substantial, provide a strong incentive for Defendant to comply, and thereby reduce the risk of any future danger he may pose to the

community.

The Government has failed to prove by clear and convincing evidence that no condition of release will reasonably ensure the safety of the community. Each of the 18 U.S.C. § 3142(g) factors weigh against pre-trial detention.

## IV. CONCLUSION

Based on a careful review of the pleadings and the evidence developed at Magistrate Judge Goodman's detention hearing, the Court determines that Magistrate Judge Goodman's factual findings are supported and that Magistrate Judge Goodman's legal conclusions are correct. The Court affirms Magistrate Judge Goodman's Order denying the Government's Motion for Pre-Trial Detention.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Magistrate Judge Goodman's Order, **ECF No. [10]**, is **AFFIRMED**.
2. The stay of Defendant's release is **LIFTED**.
3. The Defendant shall fully comply with all pretrial release conditions established at the hearing before Magistrate Judge Goodman on August 17, 2022. *See* ECF Nos. [10], [19].

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 2, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record