**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20352-CR-BLOOM**

UNITED STATES OF AMERICA,

Plaintiff,

v.

JOHNNY BATTLE,

Defendant.

_______________________________/

**MOTION FOR BILL OF PARTICULARS AS TO COUNT 1**

Johnny Battle respectfully requests, pursuant to Federal Rule of Criminal Procedure 7(f) and the Double Jeopardy Clause of the Fifth Amendment, that this Court order the government to file a Bill of Particulars.

On August 4, 2022, the government filed an indictment charging Mr. Battle with possession of a machine gun (Count 1) and possession of an unregistered firearm (Count 2). DE 3. The initial indictment alleged Mr. Battle committed the crimes on a single day—May 5, 2022. *Id.* Then, on December 9, 2022, the government filed a superseding indictment, striking Count 2 and adding as Count 1 a charge of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) and 924(a)(1)(D). DE 28. Count 1 in its entirety alleges:

> From on or about November 7, 2016, the exact date being unknown to the Grand Jury, and continuing through on or about August 10, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere, the defendant, JOHNNY MATTHEW BATTLE JR., did willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(l)(A) and 924(a)(l)(D).

*Id.*

The indictment fails to provide the dates, times, and circumstances of events relevant to the government's allegations. Mr. Battle is unable to ascertain from the face of the indictment the particular facts constituting the case against him. The indictment's lack of specificity obstructs Mr. Battle's ability to prepare for trial; creates a substantial risk of unfair and prejudicial surprise at trial; and will not facilitate a plea of double jeopardy if a subsequent prosecution is brought against him.

Mr. Battle therefore moves the Court to order the government to provide the following information in the form of a Bill of Particulars:

1. Identify the specific times, dates, and locations relating to when and where Mr. Battle is alleged to have dealt firearms without a license;

2. Identify to whom Mr. Battle allegedly dealt firearms; and

3. Identify the specific firearms by brand, model, and serial number that Mr. Battle is alleged to have dealt without a license.

**MEMORANDUM OF LAW**

Rule 7(f) of the Federal Rules of Criminal Procedure provides that "[t]he Court may direct the filing of a bill of particulars." In *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986), the Court of Appeals described the function of a bill of particulars as follows:

> The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense.

(citation omitted). A bill of particulars, therefore, "supplements an indictment by providing the defendant with information *necessary for trial preparation*." *Id.* (emphasis added). Indeed, one noted commentator has described a bill of particulars as "the one method open to a defendant in a criminal case to secure the details of the charge against him." 1 Wright, *Federal Practice and Procedure, Criminal 2d,* § 129.

The failure to grant a motion for bill of particulars may constitute reversible error where the information sought is essential to the defense or where the motion seeks to cure the omission from the indictment of details that might enable the defendant to prepare his defense. *United States v. Sharpe*, 438 F.3d 1257, 1264 n.3 (11th Cir. 2006) (noting that where an indictment does not "allege in detail the factual proof that will be relied upon at trial," and where that information is essential to the defense, it may be reversible error to deny a motion for a bill of particulars) (citing *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)); *United States v. Haas*, 583 F.2d 216, 221 (5th Cir. 1978) (noting that bare allegation may be enough to survive a motion to dismiss but bill of particulars is vehicle to provide essential information for defense); *accord United States v. Davidoff*, 845 F.2d 1151, 1154-55 (2d Cir. 1988) (reversing conviction based on the trial court's denial of a motion for bill of particulars seeking notice of uncharged offenses that the government provided at trial). This Court has broad discretion in ruling upon requests for bills of particulars. *Will v. United States*, 389 U.S. 90 (1967).

The use of a bill of particulars to inform a defendant of just what facts, assertions and occasions he must be prepared to meet is "entirely consonant with the

growing realization that disclosure, rather than suppression of relevant materials, ordinarily promotes the proper administration of criminal justice." *Dennis v. United States*, 384 U.S. 855, 970 (1966). Thus, the fundamental and constitutionally required function that a bill of particulars serves is to inform an accused of the charges so distinctly and specifically that he is clearly advised of what has to be proved and therefore has a fair and reasonable opportunity to prepare the defense.

Because of the bare and vague allegations contained in Count 1 of the indictment, the government has failed to satisfy its obligation to inform Mr. Battle sufficiently to allow him to prepare his defense, to prevent prejudicial surprise at trial, or to facilitate a plea of double jeopardy at a subsequent proceeding. *See United States v. Haas*, 583 F.2d 216 (5th Cir. 1978). The indictment alleges that Mr. Battle dealt firearms without a license over a six-year span—between November 7, 2016 and August 10, 2022. Despite this six-year span, it does not specify any dates, times, locations, specific transactions, or firearms that Mr. Battle is alleged to have dealt where he needed a license under the law. Mr. Battle cannot effectively prepare for trial without more specific information about the charge. Specifically, Mr. Battle cannot investigate a possible alibi defense, find eyewitnesses, gather any forensic or electronic evidence, request relevant documents, or find any surveillance video because he does not know when or where the government is alleging he committed the crime. In contrast, in lengthy conspiracy cases, the government outlines in the indictment overt acts that the defendant is alleged to have committed in furtherance

of the conspiracy, which include specific dates/times and actions. The government has offered no such thing here despite the lengthy time period.

Additionally, Mr. Battle cannot prepare any possible legal defense to specific dealings of firearms if he does not know what firearms the government is alleging he dealt where he needed a license and where and when he allegedly dealt them. Not every sale or purchase of a firearm by a person without a license violates 18 U.S.C. § 922(a)(1)(A). Indeed, the Constitution protects a person's right to procure and sell firearms without a license. *See* U.S. Const. amend. II. A person only needs a license when she "devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms." 18 U.S.C. § 921(a)(21)(c). A person can make occasional sales, exchanges, or purchases for one's personal collection or as a hobby without a license. *Id.* A person can sell part or all of her personal collection of firearms without a license. *Id.* A person can sell or purchase antique firearms without a license. 18 U.S.C. § 921(a)(3). Thus, it is not sufficient for the government simply to say any sale or purchase of a firearm during this six-year time period falls under this statute. Without the specific brand, model, and serial numbers of the firearms Mr. Battle is alleged to have dealt where he needed a license, Mr. Battle is unable to gather relevant documents, find witnesses, gather forensic evidence, gather electronic evidence, or generally prepare a defense to the charge. Mr. Battle cannot be prepared to defend against any possible action he took between November 7, 2016 and August 10, 2022 that could be connected to *any* purchase, sale, or exchange of *any* firearm,

particularly given that purchasing, selling, and possessing personal firearms is protected by the Second Amendment.

Relatedly, the vague allegations open Mr. Battle to prejudicial surprise at a trial. Without the requested information, it is unknown what transactions for which the government will present evidence at a trial. Mr. Battle will not know until opening statements which transactions the government believes violated this statute, and will thus be unprepared to defend himself against the accusations. Accordingly, a bill of particulars is needed. *See United States v. Burgio*, 279 F. Supp. 843, 846 (S.D.N.Y. 1968) ("Knowledge of the time and place of the alleged crime, of the means employed to perpetrate the criminal deed, of the identities of co-conspirators, of the amounts of money co-conspirators received for their offense, and of the time of such receipt is helpful, and perhaps vital, to the preparation of an accused's case. Otherwise, an innocent man may be reduced to professing his innocence and no more.").

Because clarification is needed, a bill of particulars is the appropriate method of securing this information. *See e.g., United States v. Velez*, No. 05-cr-20770-Cooke, 2008 WL 11454799, at **1-2 (S.D. Fla. July 11, 2008) (granting motion for bill of particulars and ordering government to file within 20 days due to recognition that "[i]n a substantive wire fraud charge, a defendant must be provided notice as to which of his statements the government contends are false or fraudulent" such that "it is necessary for Defendant to be apprised of the particular representations that the Government contends are false in order to prepare for trial" even though "the

Indictment provides numerous instances of statements the Government contends are false the Defendant should not be required to guess as to whether this is an exhaustive list."); *United States v. Lauer*, Case No. 08-cr-20071-Jordan, DE 320 (S.D. Fla. Apr. 16, 2009) ("agree[ing] with [co-defendant] that there is insufficient detail in Counts 2-7 to allow the defendants to adequately prepare a defense to the wire fraud charges" and ordering *sua sponte* government to file a bill of particulars); *United States v. Davidoff*, 845 F.2d 1141, 1153 (2nd Cir. 1988) (granting new trial to defendants in part due to trial court's denial of defendants' motion for bill of particulars asking government to "state with particularity the unspecified violations indicted [in the RICO conspiracy count] by the phrase 'but were not limited to'"); *United States v. Stoll*, No. 10-cr-60194-Cohn/Seltzer, 2010 WL 5313486, at *2 n.1 (S.D. Fla. Nov. 23, 2010) (district court granted earlier motion for bill of particulars regarding defendant's "role in procuring the fraudulent mortgages for each property" and "the identity of the false statements in each of the property files about which the Governmet intends to offer evidence."); *accord United States v. Nikas*, No. 19-cr-716 (DLC) 2019 WL 6838673, at **2 (S.D.N.Y. Dec. 13, 2019) (granting motion for bill of particulars regarding the specific direct or indirect payments to family that defendant was alleged to have received as part of the alleged conspiracy to commit securities and wire fraud because "prior identification of these payments will be of substantial assistance in preparing his defense and placing such payments in context"); *United States v. Isley*, No. 1:05-cr-0621-CAP-JFK, 2007 WL 9672420, at **13 (N.D. Ga. May 1, 2007) (granting motion for bill of particulars for the "unindicted aiders and

abetters" because "[e]ach count of the Indictment includes a citation to 18 U.S.C. § 2, the aiding and abetting provision of the federal criminal code; however, the court notes that none of the counts specifically allege that the Defendant was aided and abetted by or that she aided and abetted another person(s) in committing the charged offenses. Whether Defendant acted alone or in conjunction with unnamed third persons is information necessary for preparing a defense"); *United States v. White*, 753 F. Supp. 432 (D. Conn. 1990) (requiring the government to produce the names of all persons the government will claim to have been co-conspirators, to the extent such persons are known to the government; the location of the acts performed by the principals which are set forth in the counts; and the place where the principal offense charged allegedly occurred).

Wherefore, Johnny Battle respectfully requests that the Court order the government to file a Bill of Particulars with regard to all the information requested above.

Defense counsel conferred with AUSA Hayden O'Byrne who opposes this motion.

Respectfully submitted,

**MICHAEL CARUSO**
**FEDERAL PUBLIC DEFENDER**

By: *_/s/Julie Holt_*
Assistant Federal Public Defender
Florida Bar No.: 95997
150 W Flagler Street, Suite 1700
Miami, Florida 33130
Tel: 305-530-7000
julie_holt@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on **December 27, 2022**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/Julie Holt*
Julie Holt