JUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cr-20352-BLOOM/OTAZO-REYES

**UNITED STATES OF AMERICA**

vs.

**JOHNNY MATTHEW BATTLE, JR.**

    **Defendant.**

_____/

**GOVERNMENT'S RESPONSE IN OPPOSITION TO**
**MOTION FOR BILL OF PARTICULARS**

The United States hereby files this response in opposition to the Defendant's Motion for Bill of Particulars as to Count 1 ("Defendant's Motion"). DE 30. No bill of particulars is necessary because the information requested has already been provided in discovery in an organized manner. Accordingly, the Defendant's Motion should be denied.

The information Defendant seeks in a bill of particulars has already been provided in discovery. Accordingly, a bill of particulars is unwarranted. Here, the United States has produced with the initial discovery a summary chart (USA_0251) which neatly summarizes much of the information that the Defendant now seeks in a bill of particulars. This summary chart identifies the 145 firearms purchased by Defendant, by brand, model and serial number, where and when the firearms were purchased and when available when they were recovered. It also provides additional relevant information not requested in the bill of particulars such as the price paid for the firearm. A copy of this summary chart is attached hereto as **Exhibit 1.** Following the superseding indictment charging the Defendant with dealing in firearms without a license, the United States also produced Form 4473s and other sales records from the gun stores where the Defendant purchased those firearms (USA_0910-1290). The requested bill of particulars will not prevent any

1

surprise, because the Defendant already possesses this information sought in Defendant's Motion. Indeed, he sold the firearms.

Moreover, the trial evidence in this case also consists of extensive surveillance recordings and controlled calls memorializing a series of controlled sales of firearms to an undercover detective. When produced in discovery, those materials were organized in sub-folders dated with the corresponding controlled purchases:

| Name | Date modified | Type |
|---|---|---|
| 03-09-2022- Controlled Purchase | 10/6/2022 3:29 PM | File folder |
| 03-23-2022- Controlled Purchase | 10/6/2022 10:34 AM | File folder |
| 05-03-2022- Controlled Purchase | 10/7/2022 3:05 PM | File folder |
| 07-07-2022 Controlled Call | 10/14/2022 5:38 PM | File folder |
| Future Controlled Purchase | 10/14/2022 5:39 PM | File folder |

Accordingly, there are no surprises as to when these controlled purchases were made, that the Defendant was there, what was captured in the surveillance and who the eyewitnesses were. Additionally, by reviewing the organized surveillance recordings and reports, the Defense has notice of all the minute details of those firearms sales.

Because the information requested in the bill of particulars has already been provided, the Defendant's Motion should be denied. The Eleventh Circuit has recognized that "a defendant is not entitled to a bill of particulars where the information sought has already been provided by other sources, such as the indictment *and discovery*." *United States v. Davis*, 854 F.3d 1276, 1293 (11th Cir. 2017) (emphasis added) (citing *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990)). This is because, the "purpose of a bill of particulars is to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense."

*Id.* (internal quotations omitted). However, a "bill of particulars may not be used to obtain a detailed disclosure of the government's evidence prior to trial." *Id.* (citing *United States v. Perez,* 489 F.2d 51, 71 (5th Cir. 1973)). In *Davis,* the Eleventh Circuit weighed these considerations and repudiated the Defendant's entitlement to a bill of particulars. *Id.* Specifically, the Eleventh Circuit recognized that Davis should not have been surprised when additional jails calls were played at his trial, because those jail calls were included in pre-trial discovery, were identified at a hearing, and were conversations in which he participated. *Id.* Accordingly, there was no abuse of discretion denying a bill of particulars which would have given Davis redundant notice of the same evidence.

In conclusion, the information requested by the Defense was summarized in a chart which was produced in the initial discovery to the extent it is available. Surveillance footage and controlled calls were organized in folders by date, to make it easy for the Defense to attribute those materials to specific controlled sales. Accordingly, the Defendant's Motion For a Bill of Particulars should be denied.

WHEREFORE, the United States respectfully requests that the Defendant's Motion be denied, and the Court grant such other relief as is just and proper.

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By:   */s/ Hayden P. O'Byrne*
    Hayden P. O'Byrne
    Assistant United States Attorney
    Florida Bar No. 60024
    99 Northeast 4th Street, 6th Floor
    Miami, Florida 33132
    Telephone: (305) 961-9447
    Facsimile: (305) 536-4699
    E-mail: hadyen.obyrne@usdoj.gov