UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20352-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JOHNNY MATTHEW BATTLE, JR,

    Defendant.
_____/

## ORDER ON MOTION FOR BILL OF PARTICULARS

**THIS CAUSE** is before the Court upon Defendant Johnny Matthew Battle Jr's ("Defendant") Motion for Bill of Particulars as to Count 1, ECF No. [30] ("Motion"). The Government filed its Response in Opposition, ECF No. [32] ("Response"), to which Defendant filed a Reply, ECF No. [33], ("Reply"). The Court has carefully reviewed the Motion, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is denied.

**I.    BACKGROUND**

On December 9, 2022, the Government filed a two-count Superseding Indictment alleging that Defendant dealt firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count 1) and illegally possessed a machinegun in violation of 18 U.S.C. §922 (o)(1) (Count 2). ECF No. [28]. The Motion pertains only to Count 1 which reads:

> From on or about November 7, 2016, the exact date being unknown to the Grand Jury, and continuing through on or about August 10, 2022, in Miami-Dade County, in the Southern District of Florida and elsewhere the defendant,
> **JOHNNY MATTHEW BATTLE JR.,**
> did willfully engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Sections 922(a)(1)(A) and 924(a)(1)(D).

*Id.* at 1.

Case No. 22-cr-20352-BLOOM

On December 27, 2022, Defendant filed the instant Motion seeking a bill of particulars as to Count 1 on the basis that the Indictment fails to provide necessary details relevant to the government's allegations. ECF No. [30]. Specifically, Defendant requests that the Government:

1. Identify the specific times, dates and locations relating to when and where Mr. Battle is alleged to have dealt firearms without a license;
2. Identify to whom Mr. Battle allegedly dealt firearms; and
3. Identify the specific firearms by brand, model, and serial number that Mr. Battle is alleged to have dealt without a license.

ECF No. [33] at 1. Defendant contends that the lack of specificity in the Superseding Indictment will obstruct his ability to prepare for trial, create a substantial risk of unfair and prejudicial surprise at trial, and will not facilitate a plea of double jeopardy in the event of a subsequent prosecution. ECF No. [30]. The Government responds that no bill of particulars is necessary because the information requested has already been provided in discovery in an organized manner. ECF No. [32]. Defendant replies that the discovery supplied by the Government does not provide sufficient notice of the transactions that give rise to the charge of dealing firearms without a license. ECF No. [39].

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) governs motions for bills of particulars:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed.R.Crim.P. 7(f).

"The purpose of a true bill of particulars is threefold: to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (internal quotation

marks and citation omitted). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation." *Id*. (emphasis in original).

"[A] defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir.)); *see also United States v. Roberts*, 174 F. App'x 475, 478 (11th Cir. 2006) ("A bill of particulars is not required where the information sought has already been provided by other sources, such as the indictment and discovery and it is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." (internal quotation marks omitted)).

### III.  DISCUSSION

As noted, Defendant seeks a bill of particulars and argues that the Superseding Indictment and discovery do not provide sufficient notice of the transactions that give rise to the Government's charge against Defendant for dealing firearms without a license. ECF No. [33]. Defendant contends that without the requested bill of particulars he will not be able to prepare his defense. *Id*. The Government responds that it has sufficiently disclosed the requested information and that the requested bill of particulars is not necessary to prevent surprise. ECF No. [32].

Count 1 for which Defendant requests a Bill of Particulars charges him with violation of 18 U.S.C. § 922(a)(1)(A). To prove that charge, the Government must prove three elements beyond a reasonable doubt; first, that defendant engaged in the business of dealing in firearms; second, that the defendant did not have a Federal license; and third, that the defendant acted willfully. *See* Eleventh Circuit Pattern Jury Instruction O34.1. Relevant to the Court's analysis, the Government

does not need to prove a specific number of purchases and sales of a firearm as long as the three necessary elements are satisfied. *See United States v. Bailey*, 123 F.3d 1381, 1392 (11th Cir. 1997) ("In determining whether one is engaged in the business of dealing in firearms, the finder of fact must examine the intent of the actor and all circumstances surrounding the acts alleged to constitute engaging in business."); *see also United States v. Baptiste*, 607 F. App'x 950, 952 (11th Cir. 2015) ("The fact finder examines the intent of the defendant and all surrounding circumstances to determine if the defendant engaged in the business of dealing in firearms.").

Defendant argues that he is entitled to know which transactions the government will present as evidence at trial and the time, date, location, parties involved, and details of the firearm for each of those transactions. Defendant contends that because buying or selling a gun is not illegal in every instance, but only when done under certain circumstances, the Government should provide a bill of particulars detailing which firearms he allegedly purchased and sold during the six-year period of the Superseding Indictment without a required license. Defendant cites to multiple cases in which defendants were granted bills of particulars when charged with wire fraud, securities fraud, conspiracy, and aiding and abetting but does not cite to any case where a bill of particulars was granted to a person charged with violation of 18 U.S.C. § 922(a)(1)(A). Because Defendant does not provide any binding authority, or persuasive authority directly on point, the Court assesses whether the Superseding Indictment and any discovery provide Defendant with adequate notice of the charges against him or whether he is entitled to a bill of particulars.

The Government has provided Defendant with a summary chart, ECF No. [32-1], which identifies 145 firearms purchased by Defendant by brand, model, and serial number, where and when the firearms were purchased, and, if available, when they were recovered. The Government

also provided Defendant with surveillance recordings and controlled calls that evidence sales of firearms by Defendant to an undercover detective on three separate dates.

Given the language of the Superseding Indictment, elements of the charged crime, and the extent of the discovery, Defendant cannot argue that he will be surprised at trial. Defendant's request for a bill of particulars that lists all of the specific transactions that required a license as well as time, date, location, parties involved, and details of the firearm related to each transaction is a request for a detailed disclosure of the Government's evidence prior to trial. The Eleventh Circuit has held that a request for a bill of particulars which attempts "to have the government make a detailed disclosure of the evidence that it planned to present at trial" is "not an appropriate basis for seeking a bill of particulars." *United States v. Holzendorf*, 576 F. App'x 932, 935-36 (11th Cir. 2014). The Defendant, through the Superseding Indictment and discovery, has been informed of the charges against him with "sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offense." *See United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985). The Court therefore finds that Defendant is not entitled to a bill of particulars.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [30]**, is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 3, 2023.

---

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record