**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 22-20352-CR-BLOOM(s)**

**UNITED STATES OF AMERICA**

**vs.**

**JOHNNY MATTHEW BATTLE, JR.,**

**Defendant.**
___________________________________/

## MOTION IN LIMINE TO ADMIT EVIDENCE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby moves to admit: (1) text messages recovered from the Defendant's iCloud account wherein the Defendant communicates with his firearm customers and suppliers, (2) a firearm that was sold by the Defendant and recovered by police in Broward County.

**1. The Defendant's Text Messages Should Be Admitted.**

These text messages recovered from the Defendant's iCloud were the subject of the United States Notice of Intent to Introduce Direct, Inextricably Intertwined and 404(b) Evidence (DE 49). Following several telephonic conferrals and an in-person evidence review this morning, with counsel for the Defendant and his investigator, the parties have been able to resolve some, but not all of the issues. Specifically, while the Defense agrees that evidence of violations of making false statements to gun dealers and straw purchasing is relevant and admissible, the Defense objects to conversations contained in the following Exhibits:

**110A** (USA_2103) - The Defendant offers to sell a shotgun to an unidentified individual approximately one month after the unidentified individual tells the Defendant that he is a convicted felon, and offers the Defendant "bud" to smoke.

**109A** (USA_2094) – The Defendant discusses purchasing an "AR with the switch." Then he brokers the sale of a Draco 9mm and says "1600 … or he said you can give him 1000 worth of dope and 600 like last time." A half hour later the Defendant offers a "Kel tec 1400 or best offer, Both for 2800" "or 1000 in dope and 1800 cash.

**108A** (USA_2111) – The Defendant discusses the sale of multiple guns to an individual who will "flip" them in the Bahamas, and the Defendant responds "he won't be getting no dam Glocks and I know what they pay for each gun in Bahamas I got other homies that's do the same shit."

**106A** (USA_1877) – The Defendant talks with person to whom he sells firearms and acts as a body guard / enforcer, about taking guns to Colombia. They appear to discuss selling marijuana and pills together, shooing up a house to collect a debt.

This criminal conduct is directly related to the Defendant's firearm sales business and should be admitted. Indeed, the whole reason that the Defendant's firearms peddling business existed, was to service the unmet demand for firearms by those persons that could not buy firearms in legitimate guns stores, namely convicted felons, criminals, international guns smugglers and those that wished to barter guns for "dope." The Eleventh Circuit pattern jury instruction specifically incorporates these criminal purposes. Eleventh Circuit Pattern Instruction O34.1 "Proof of a profit motive isn't required if the Defendant deals regularly in firearms for criminal purposes."

The Eleventh Circuit has recognized that in "determining whether one is engaged in the business of dealing in firearms, the finder of fact must examine the intent of the actor and all circumstances surrounding the acts alleged to constitute engaging in business." *United States v. Bailey*, 123 F.3d 1381, 1392 (11th Cir. 1997). This proof structure is in accord with the Eleventh Circuits' overarching case precedent on the assessment of illicit firearm use or possession. *See e.g. United States v. Lopez*, 649 F.3d 1222, 1242 (11th Cir. 2011) ("As an initial matter, this Court has long recognized that, as Forrest Gump might say, drugs and guns go together like peas and carrots. Firearms, narcotics, and violence."); *see also United States v. Timmons*, 283 F.3d 1246, 1253 (11th Cir. 2002) ("The nexus between the gun and the drug operation can be established by "the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found."). Indeed, in similar cases involving the unlicensed sale of firearms, the Eleventh Circuit has affirmed the introduction of evidence that the guns the Defendant sold were stolen from a pawn shop. *United States v. Daniel*, 173 Fed. Appx. 766, 769 (11th Cir. 2006)("The district court concluded that the brief testimony regarding the pawn shop burglary was inexorably intertwined with the charged offenses, because it explains where the appellants obtained the guns that they were selling."). In the present case the gun trafficking case is proven by totality of the illicit circumstances used by the Defendant to advance his crimes. The Defendant's openness to sell firearms to prohibited persons is *res gestae*. Prohibited persons plainly cannot go to legitimate firearms dealers to buy weapons. Rather they must turn to persons like the Defendant as the exclusive option to pursue weapons. The text messages showing the defendant suggesting he would sell a shotgun to a person who claimed to be felon are thus probative that the Defendant

possessed the intent to violate the dealing in firearms without license statute. Likewise the Defendant's engagement in firearms export, drug barter and violent arrangement is proof of the illicit circumstances and nature of the scheme. A plain criminal purpose was afoot when the Defendant revealed his trafficking of firearms abroad or through his negotiations to transact weapons for contraband. Similarly, evidence the Defendant engaged in shootings for his illicit clients plainly demonstrates criminal purpose and his ability to maintain access to clients. These actions meet the very text of the Eleventh Circuit's instructions and annotation on establishing proof of dealing in firearms.

This evidence of the Defendant's *unlawful* firearm sales is even more probative in this case, where one of the anticipated Defenses is that the Defendant dealt firearms using someone else's license. The Defendant was arrested, and had in his vehicle business cards associating him with a licensed gun shop. Evidence that the Defendant is selling to felons, criminals and international gun smugglers, and trading guns for "dope," is relevant and necessary to prove that the Defendant was not in fact selling or brokering firearms on behalf of the licensed gun shop, and thus was engaged in the business of dealing in firearms without a license.

The United States has agreed to redact references to the Defendant getting into a shootout, and the police taking his gun from **Exhibit 103A**, as this text message chain involves a supplier of firearms to the Defendant, as opposed to a firearms customer of the Defendant.

**2. <u>The United States Should be Allowed to Introduce a Firearm the Defendant Sold to Corroborate the Defendants Firearms Sales Records.</u>**

The Defendant kept numerous "Bills of Sale" purporting to memorialize his sales of firearms to other individuals. These "Bills of Sale" were recovered during the execution of search warrants on the Defendant's iCloud account and his vehicle. To corroborate these "Bills of Sale" and prove that they memorialized the sale of real firearms, and were not fictional, the United States

intends to introduce a Matrix Aerospace Pistol, **Exhibit 105G,** which was referenced in a "Bill of Sale" to J.G. **Exhibit 105G** will be introduced by the Broward Detective that seized **Exhibit 105G** during the execution of a search warrant where J.G. was also located. The United States does **not** intend to introduce any testimony or evidence about the criminal conduct of J.G. or anything about the circumstances of search warrant except the recovery of **Exhibit 105G** in proximity to J.G. which corroborates the Bill of Sale. While numerous firearms purchased by the Defendant have been recovered by law enforcement, the United States only intends to introduce one to efficiently advance the trial. During the meet and confer, the Defendant objected to the introduction of **Exhibit 105G** as cumulative and unduly prejudicial.

After conferring with the Defense, the United States has agreed not to introduce **Exhibit 113** or elicit testimony about the recovery of firearms from T. S. to avoid a potential conflict with counsel for the Defense.

## CONCLUSION

WHEREFORE, the United States should be permitted to introduce the aforementioned evidence.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

BY: */S/Ignacio J. Vázquez, Jr.*______________
Ignacio J. Vázquez, Jr.
Assistant United States Attorney
Florida Bar No. 16275
99 N. E. 4th Street
Miami, Florida 33132-2111
TEL (305) 961-9427
ignacio.vazquez@usdoj.gov

By: */s/ Hayden P. O'Byrne*
Hayden P. O'Byrne
Assistant United States Attorney
Florida Bar No. 60024
United States Attorney's Office - SDFL
99 Northeast 4th Street
Miami, FL. 33132-2111
Tel: (305) 961-9447
Hayden.obyrne@usdoj.gov