UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cr-20352-BLOOM

UNITED STATES OF AMERICA,

    Plaintiff,
v.

JOHNNY MATTHEW BATTLE, JR,

    Defendant.
_____/

**OMNIBUS ORDER ON MOTIONS *IN LIMINE***

**THIS CAUSE** is before the Court upon the United States of America's ("Government") Motion *in Limine* to Admit Evidence, ECF No. [57] ("Government's Motion *in Limine*"), Defendant Johnny Matthew Battle Jr.'s Omnibus Motion *in Limine* in response to the Government's Motion *in Limine,* ECF No. [61] ("Defendant's Omnibus Motion *in Limine*"), and Defendant's Motion *in Limine* to Exclude Inadmissible Testimony and Improper Conclusions from the Government's Alleged ATF Experts, ECF No. [62] ("Defendant's Motion *in Limine*"). The Government filed a Response in Opposition to Defendant's Omnibus Motion *in Limine* and Defendant's Motion *in Limine*, ECF No. [65]. The Court has carefully considered the Motions, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Government's Motion *in Limine* is granted, Defendant's Omnibus Motion *in Limine* is denied, and Defendant's Motion *in Limine* is granted in part and denied in part.

    **I.**    **BACKGROUND**

On December 9, 2022, the Government filed a two-count Superseding Indictment alleging that Defendant dealt firearms without a license in violation of 18 U.S.C. § 922(a)(1)(A) (Count 1)

and illegally possessed a machinegun in violation of 18 U.S.C. §922 (o)(1) (Count 2). ECF No. [28]. In Count 1, the government alleges that between approximately November 7, 2016, and August 10, 2022, the Defendant "willfully engage[d] in the business of dealing in firearms without a license[]." *Id*. Count 2 includes the factual allegation that on or about May 3, 2022, the Defendant "possessed a machinegun conversion device, which is a part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun[.]" *Id*.

The Government's Motion *in Limine* seeks to admit text messages recovered from the Defendant's iCloud account and a firearm that was sold by the Defendant. ECF No. [57]. The Government argues that the text messages reflect criminal conduct "directly related to the Defendant's firearm sales business and should be admitted." *Id*. at 2. The Government contends that the recovered firearm will corroborate "'Bills of Sale' and prove that they memorialized the sale of real firearms, and were not fictional[.]" ECF No. [57] at 4. Defendant responds that those text messages are evidence of other bad acts and unnecessary to prove the charged offenses. ECF No. [61] at 2.

Defendant's Motion *in Limine* seeks to exclude inadmissible testimony and improper conclusions from the Government's alleged ATF experts. Defendant contends that some of the opinions and evidence those witnesses will offer are collateral and violate Federal Rules of Evidence 401, 403, 404(b), 702, and 703. ECF No. [62]. The Government responds that the testimony of the ATF Agents is probative and not precluded by the Federal Rules of Evidence. *See* ECF No. [65].

## II. LEGAL STANDARD

In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 06-MD-1769, 07-CV-15733, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 16-CV-1307, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

## III. DISCUSSION

### A. Government's Motion *in Limine*

#### i. Defendant's Text Messages

The government seeks to admit text message conversations in which the Defendant offers to sell a gun to a convicted felon, trade guns for contraband, and engage in shootings and drug distribution. The government argues the evidence is admissible as it is inextricably intertwined evidence of Defendant's dealing in firearms without a license. ECF No. [65] at 1. Defendant

responds that the text messages should be excluded because they are improper character evidence of his other "bad acts" that are not in direct connection to the charges in violation of Federal Rule of Evidence 404(b).

"[E]vidence of criminal activity other than the charged offense is not extrinsic under Rule 404(b) if it is (1) an uncharged offense which arose out of the same transaction or series of transactions as the charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with the evidence regarding the charged offense." *United States v. McLean,* 138 F.3d 1398, 1403 (11th Cir. 1998) (internal citation omitted). Here, each of the text messages the Government seeks to admit purportedly memorialize conversations that Defendant had while engaged in the business of dealing in firearms without a license. He is charged with dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A) between approximately November 7, 2016, and August 10, 2022. ECF No. [28]. All of the text messages concern the sale of firearms and were sent during the relevant period. ECF No. [57-1]–[57-4]. The challenged text messages are therefore not extrinsic and not subject to Rule 404(b) analysis even though they contain references to other illegal activities. The Court therefore proceeds to consider Defendant's argument that the text messages are precluded by Rule 403.

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); United States v. Patrick, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The text messages are probative of whether Defendant committed the crime of dealing in firearms without a license because "[i]n determining whether one is engaged in the business of dealing in firearms, the finder of fact must examine the intent of the actor and all circumstances surrounding the acts alleged to constitute engaging in business." *United States v. Bailey*, 123 F.3d 1381, 1392 (11th Cir. 1997) (internal quotation marks and citation omitted). Here the probative value is not outweighed by any risk of unfair prejudice. The evidence is also not cumulative. Although the Government has other evidence to prove the Counts charged in the Superseding Indictment, "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." Patrick, 513 F. App'x at 886 (citing United States v. Lopez, 649 F.3d 1222, 1247 (11th Cir. 2011); United States v. Alfaro-Moncada, 607 F.3d 720, 734 (11th Cir. 2010)).

Accordingly, the Court declines to preclude the admission of the text messages.

**ii.   Firearm Defendant Sold**

The Government asserts that a Matrix Aerospace Pistol should be admitted to corroborate Bills of Sale memorializing Defendant's sales of firearms to other individuals which were recovered during the execution of a search warrant. ECF No. [57] at 4-5. Specifically, the Government intends to introduce a Matrix Aerospace Pistol which was referenced in a Bill of Sale to J.G. and seized "during the execution of a search warrant where J.G. was also located." *Id*. at 5. Defendant does not specifically respond to the Government's position on this point.

The Court finds that the Bills of Sale and firearm to corroborate the Defendant's sales are not extrinsic evidence requiring a Rule 404(b) analysis. Moreover, the recovery of the Matrix Aerospace Pistol during the execution of a search warrant where J.G. was located when a sale of a Matrix Aerospace Pistol to J.G. was referenced in a Bill of Sale recovered from the Defendant

5

renders the Matrix Aerospace Pistol relevant evidence of Defendant's willful engagement in the business of dealing in firearms without a license.

## B. Defendant's Motion *in Limine*

### i. Agents Imtiaz Baksh and Pedro Bigorra

Defendant argues that ATF Agents Imtiaz Baksh and Pedro Birgorra should be excluded as expert witnesses because it will prolong the trial with irrelevant and collateral issues. ECF No. [62] at 3. Further, Defendant argues that the testimony is contrary to the Second Amendment and there is no law setting a limit on the number of guns that can be owned by an individual. *Id.*

The Government responds that the experts will provide reports of an investigation that shows the multiple sales of firearms, the recoveries the firearms (which indicate the original owner disposing of the firearms), and the wage and hour history of Defendant (which indicates whether he was financially capable of buying the firearms). ECF No. [65] at 6. The Government argues that a consideration of the totality of the circumstances regarding the purchase and resale of the firearms is required for the jury. *Id.* at 7. The Government further contends that the jury should hear that machine gun conversion devices exist to aid them in their totality of the circumstances analysis. *Id.*

The Government has demonstrated that the testimony of Agents Baksh and Bigorra will be probative and helpful to the jury in assessing Count I. There are three elements the Government must prove to sustain a conviction of dealing in firearms without a license: (1) the Defendant engaged in the business of dealing in firearms; (2) the Defendant did not have a Federal License; and (3) the Defendant acted willfully. *See* 11th Circuit Jury Instructions at JI- - 034.1. The proffered testimony will contribute to the jury's ability to assess culpability for the required elements.

Further, Defendant's argument that the proffered testimony is precluded by the Second Amendment is unpersuasive. The expected testimony that "Mr. Battle's numerous gun purchases from 2016 to 2022, based on the type and frequency of purchases raises to the level of 'trafficking' in firearms" does not infringe on the Defendant's Constitutional rights, but speaks directly to the first Count charged in the Superseding Indictment. Defendant's argument that "the alleged ATF experts are plainly speculating" because they "have no bench mark to measure their opinions against" is fodder for cross examination and not a basis to preclude the testimony. The Court does agree with the Defendant that, to the extent the witnesses will speak to the Defendant "trafficking in firearms," rather than the unlicensed sales, that opinion testimony will not be permitted.

Defendant's other arguments – that the testimony is subject to Rule 404(b) analysis and that it is cumulative – fail for the same reasons the Court has already discussed. Defendant's purchase of firearms during the relevant period is relevant to the charged offense and Defendant has not met his burden to demonstrate that Rule 403 bars its admission. Regarding any duplicative testimony, the Court will address any overlap and objections during the course of the trial.

    **ii.**    **ATF Expert Wayne Moser**

Defendant objects to ATF Agent Wayne Moser's testimony about text messages unrelated to the Glock Switch sold to an undercover, about other switch compatible firearms seized by law enforcement, and a video of the automatic firing of a Glock firearm seized from Defendant and paired with the Glock Switch purchased from Defendant by an undercover. ECF No. [62] at 5-10. The Government responds that it "should be allowed to introduce testimony that the Defendant possessed two firearms (one in his home, one in his vehicle) which had been specifically ground down to accept a Glock Switch." ECF No. [65] at 8. The Government further contends that the

video of a Glock firearm seized from Defendant and paired with the Glock Switch as well as Agent Moser's testimony about the Glock Switch is admissible. *Id*. at 8-9.

Defendant argues that "Moser's testimony about other AR-15 (rifle and not pistol) fully automatic conversion switches allegedly discovered on the Defendant's phone and not part of the conversations with the [undercover] for this alleged transaction, are not legally relevant to this charge." ECF No. [62] at 6-7. He further contends that Agent Moser should not be able to testify about two pistols seized from Defendant by law enforcement which "show markings made to incorporate the switch." *Id*. at 7. Although Defendant is charged with only one count of possession of a machine gun, as explained above, "[e]vidence of criminal activity other than charged offense is not extrinsic under Rule 404(b) if it is (1) uncharged offense which arose out of same transaction or series of transactions as charged offense, (2) necessary to complete the story of the crime, or (3) inextricably intertwined with evidence regarding charged offense." *McLean,* 138 F.3d at 1403 (alteration in original). Here, the Government argues persuasively that "Defendant's disposition of numerous guns, to include weapons and accoutrements for fully automatic fire is the *sine qua non* of the charged conduct – dealing in firearms without a license and machine gun possession." ECF No. [65] at 9. The Court agrees and finds that for the same reason the text messages will not be precluded, Agent Moser's testimony about an AR-15 and other fully automatic conversion switches will not be precluded.

Finally, Defendant argues that a video created by an ATF Agent in Miami and explained by Agent Moser must be excluded. ECF No. [62] at 8-10. Defendant challenges the manner in which the video was made and argues that the video which depicts a Glock firearm seized from Defendant paired with a Glock Switch which was purchased from Defendant by an undercover in this case is highly prejudicial and violates Rules 401 and 403.

The Government responds that the video of Exhibit 65, the Glock Switch, "installed on Defendant's own modified Glock pistol firing fully automatically is powerful evidence that Exhibit 65 is actually a machine gun." ECF No. [65] at 8. The Court agrees that the video, as well as Agent Moser's testimony about the video, is probative of Count II charged in the Indictment. That an ATF Agent in Miami fired the weapon to make the video does not require the video's exclusion. The evidence will be helpful and permit the jury to better assess whether the Glock Switch is in fact a conversion device, "a part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun[.]" *See* ECF No. [28].

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Government's Motion *in Limine*, **ECF No. [57]**, is **GRANTED**.
2. Defendant's Omnibus Motion *in Limine*, **ECF No. [61]**, is **DENIED**.
3. Defendant's Motion *in Limine*, **ECF No. [62]**, is **GRANTED IN PART AND DENIED IN PART**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 27, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record